**Todd M. Friedman (216752)**
**Law Offices of Todd M. Friedman, P.C.**
**369 S. Doheny Dr. #415**
**Beverly Hills, CA 90211**
**Phone: 877 206-4741**
**Fax: 866 633-0228**
**tfriedman@attorneysforconsumers.com**
**Attorney for Plaintiff**

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VANESSA CHAIREZ,** | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR VIOLATION** |
| | ) **OF FEDERAL FAIR DEBT** |
| vs. | ) **COLLECTION PRACTICES ACT** |
| | ) **AND ROSENTHAL FAIR DEBT** |
| **GC SERVICES LIMITED** | ) **COLLECTION PRACTICES ACT,** |
| **PARTNERSHIP,** | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code § 1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

## III. PARTIES

3.      Plaintiff, Vanessa Chairez ("Plaintiff"), is a natural person residing in San Joaquin county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3) and is a "debtor" as defined by Cal Civ Code 1788.2(h).

4.      At all relevant times herein, Defendant, GC Services Limited Partnership, ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code § 1788.2(f).  Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and RFDCPA, Cal Civ Code § 1788.2(c).

## IV. FACTUAL ALLEGATIONS

5.      At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

a) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt, including, but not limited to, attempting to collect on a student loan that Plaintiff has been paying to Sallie Mae, attempting to collect on an alleged student loan that Plaintiff and Plaintiff's school have no record of, threatening to garnish Plaintiff's taxes, and attempting to collect on a debt for a loan that Plaintiff doesn't owe (§1692f));

b) Failing to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof.  Plaintiff has yet to receive said notices and has repeatedly advised Defendant she does not owe the alleged debt (§1692g(a));

c) Threatening that the failure by Plaintiff to pay Plaintiff's consumer debt will result in an accusation that Plaintiff had committed a crime, where such accusation is false, including, but not limited to, threatening to garnish Plaintiff's taxes (Cal Civ Code §1788.10(b));

d) Falsely representing or implying that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiffs property or wages, where such action is not lawful or Defendant did not intend to take such action, including, but not limited to, threatening to garnish Plaintiff's taxes (§1692e(4));

e) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including, but not limited to, threatening to garnish Plaintiff's taxes (§1692e(5));

f) Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt, including, but not limited to, attempting to collect on a student loan that Plaintiff has been paying to Sallie Mae and also

attempting to collect on an alleged student loan that Plaintiff and Plaintiff's school have no record of (§1692f(1));

g) Collecting an amount from Plaintiff that is not permitted by law, including, but not limited to, attempting to collect on a student loan that Plaintiff has been paying to Sallie Mae, attempting to collect on an alleged student loan that Plaintiff and Plaintiff's school have no record of, threatening to garnish Plaintiff's taxes, and attempting to collect on a debt for a loan that Plaintiff doesn't owe (§1692f(1));

h) Falsely representing the character, amount, or legal status of Plaintiff's debt, including, but not limited to, attempting to collect on a student loan that Plaintiff has been paying to Sallie Mae, attempting to collect on an alleged student loan that Plaintiff and Plaintiff's school have no record of, threatening to garnish Plaintiff's taxes, and attempting to collect on a debt for a loan that Plaintiff doesn't owe (§1692e(2)(A));

i) Falsely representing that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made, including, but not limited to, threatening to garnish Plaintiff's taxes (Cal Civ Code §1788.13(j)); and

j) Threatening Plaintiff that nonpayment of Plaintiff's debt may result in the arrest of Plaintiff or the seizure, garnishment, attachment or sale of any property or the garnishment or attachment of wages of Plaintiff, where such action was not in fact contemplated by the debt collector and permitted by the law, including, but not limited to, threatening to garnish Plaintiff's taxes (Cal Civ Code §1788.10(e)).

6.    As a result of the above violations of the FDCPA and RFDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

9.    Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.    Declaratory judgment that Defendant's conduct violated the FDCPA;

B.    Actual damages;

C.    Statutory damages;

D.    Costs and reasonable attorney's fees; and,

E.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

10.    Plaintiff reincorporates by reference all of the preceding paragraphs.

11.    To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.      Declaratory judgment that Defendant's conduct violated the RFDCPA;

B.      Actual damages;

C.      Statutory damages for willful and negligent violations;

D.      Costs and reasonable attorney's fees,

E.      For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 22nd day of March, 2010.

By: **s/Todd M. Friedman**
   **TODD M. FRIEDMAN (216752)**
   **LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
   **369 S. Doheny Dr. #415**
   **Beverly Hills, CA 90211**
   **Phone: 877 206-4741**
   **Fax: 866 633-0228**
   **tfriedman@attorneysforconsumers.com**
   **Attorney for Plaintiff**